IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD DAVID REUTER | § | |
|   FED. REG. NO. 04271-180 | § | |
| | § | |
| v. | § | C.A. NO. C-06-274 |
| | § | |
| CHARLES KIMBROUGH, ET AL. | § | |

## **MEMORANDUM OPINION AND ORDER OF TRANSFER**

     Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. In this civil rights action, he is seeking declaratory and injunctive relief, as well as compensatory and punitive damages, against Charles Kimbrough, the Caldwell County District Attorney, Charles Ramsey, a Caldwell County District Court Judge, and Larry Lefluer, a Caldwell County Administrator, claiming that these defendants held him in state custody on the basis of an expired and invalid detainer in violation of his due process rights. See (D.E. 1).

     A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a); In re Volkswagon AG, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam).

     In this case, the detainer was issued by the Caldwell County Sheriff's Office and sent to the Bureau of Prisons. (D.E. 1, Exs. 1, 2.). Plaintiff was taken into state custody, and a dispute arose concerning the timeliness of his state prosecution. Id. at Exs. 3, 4. All of the events of

which plaintiff complains occurred in Caldwell County, Texas.  Caldwell County lies within the Austin Division of the Western District of Texas.  28 U.S.C. § 124(d)(1).  Venue is proper with that Court.  28 U.S.C. § 1391(b); Davis v. La. State Univ., 876 F.2d 412, 413 (5th Cir. 1989).

Moreover, due to the nature of plaintiff's complaints, it follows that most of the evidence, including witnesses and documentation, will be found in Caldwell County.  In the interest of justice and for the convenience of parties and witnesses, the United States District Court for the Western District of Texas, Austin Division, is the more convenient forum.  28 U.S.C. § 1404(a).

Accordingly, it is ordered that the Clerk transfer this action to the United States District Court for the Western District of Texas, Austin Division.[1]  The evidentiary hearing set for July 14, 2006 is cancelled.

Signed this 11th day of July 2006.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] This transfer does not affect the claims raised in plaintiff's separate lawsuit, Reuter v. Bureau of Prisons, C-06cv259.